Filed 07/18/06   Case 05-15853   Doc 50

POSTED ON WEB SITE

FILED
JUL 18 2006
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re

ARIE LEE HAYES

          Debtor.

Case No. 05-15853-A-7K
KDG-2

FINDINGS OF FACT AND
CONCLUSIONS OF LAW REGARDING
TRUSTEE'S OBJECTION TO
AMENDED CLAIM OF EXEMPTION

    The evidentiary hearing on the objection by the chapter 7 trustee to the debtor's amended claim of exemptions concluded on April 27, 2006. Following the hearing, the court took the matter under submission. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(B).

<u>The Bankruptcy Case.</u>

    Arie Lee Hayes filed her chapter 7 petition on July 26, 2005. In the Schedules of Assets and Liabilities filed with the petition, she scheduled as an asset her residence at 4704 Lookout Mountain Court, Bakersfield, California (the "Residence"). The schedules value the Residence at $180,000, subject to a secured claim in the amount of $157,387. The debtor claimed an exemption in the amount of $50,000 on Schedule C.

    The debtor's Statement of Financial Affairs filed with the petition stated that her sole source of income was from her

employment with the City of Delano. Schedule I stated that she was employed as a correctional officer with the City of Delano earning a monthly income of $4,200.

The meeting of creditors was held August 26, 2005. The debtor affirmed to the trustee that the Schedules of Assets and Liabilities were accurate. She did not tell the trustee about any change of employment status or health status. The trustee concluded that the debtor had undervalued the Residence. The trustee believed that a sale of the Residence would likely yield about $18,000 for the bankruptcy estate. Therefore, the Trustee filed a report that the case was an asset case and requested that creditors be notified to file claims.

In early October 2005, the debtor filed an amended Schedule C and an amended Schedule I. In the amended Schedule C, she asserted that she was entitled to an exemption of $150,000 in the Residence pursuant to California Code of Civil Procedure § 704.730(a)(3). The debtor amended Schedule I to claim no income from employment. Instead she said she was disabled and that her disability income was $2,076 per month.

On October 25, 2005, the Trustee timely filed an objection to the amended claim of exemption. At that time the Trustee had no information, because the debtor had given none, about the nature of the debtor's disability.

The debtor opposed the Trustee's objection to her claim of exemption and on November 16, 2005, filed her declaration in support of that opposition. The debtor testified that she did not become disabled until July 14, 2005, and was not disabled when she first consulted with a bankruptcy attorney. She signed

her bankruptcy papers on July 25, 2005, but at that time she had not yet received any disability pay. She stated that she was still disabled and had no idea when her disability would end. An exhibit to her declaration indicates that Ms. Hayes was pregnant with an estimated delivery date of January 17, 2006. The exhibit was signed by her physician, Wendy Crenshaw, M.D. According to Dr. Crenshaw, the disability began on July 14, 2005. The debtor concurred with that date.[1]

The Trustee requested an evidentiary hearing, which the debtor opposed. Therefore, after the hearing at which both parties argued on December 13, 2005, the court initially took this matter under submission. At that time, the debtor's counsel argued that the disability the debtor was claiming was disability because of her pregnancy.

However, on January 12, 2006, the debtor filed an ex parte motion to reopen the proceeding for additional testimony. She stated, through her attorney, that "the debtor failed to disclose that in addition to being pregnant, with complications, she has several tumors that will require treatment by surgery or chemotherapy." Ms. Hayes had not authorized her attorney to disclose this to the court because she thought her tumors were a

---

[1] Both the opposition and the declaration in support of the opposition contain language that the court will strike. The opposition refers to the Trustee and her counsel as committing perjury and making "reckless, malicious and demeaning assertions." The declaration of Ms. Hayes implies that "members of a certain racial group" have greater problems with bankruptcies in the Bakersfield area. Neither of these assertions are supported by any evidence. Both are unsupported and irrelevant personal attacks. The court will strike this language.

private matter. However, because the attorney for the Trustee had subpoenaed her medical records, she concluded there was no reason not to disclose the personal information.

The court granted the debtor's motion to reopen, and an evidentiary hearing was held initially on March 23, 2006, and concluded on April 27, 2006. At the hearing, the court heard testimony from Arie Lee Hayes; Rosanne Z. Blanco, the chapter Trustee; and Wendy Crenshaw, M.D. Documentary evidence was admitted.

Background Facts.

Arie Lee Hayes was pregnant when she filed her chapter 7 case. She testified that she did not state this in her initial bankruptcy papers because she did not start receiving California state disability benefits until July 26, 2005, right after she filed the petition. Dr. Crenshaw concurred that the date of disability was no later than July 14, 2005.

Prior to her pregnancy, Ms. Hayes had fibroid tumors which had been removed in a myomectomy in 2004. The fibroid tumors were benign.

In June 2005, after she became pregnant, Ms. Hayes was on light duty at her workplace. Later, by at least July 14, 2005, Dr. Crenshaw recommended that Ms. Hayes stop working because of the enlarging fibroids which were a risk factor for preterm labor. According to Dr. Crenshaw, the disabling condition that caused her to recommend Ms. Hayes stop working and be put on bed rest was the pregnancy and nothing else. Dr. Crenshaw explained that the fibroids were a complication of the pregnancy. Because Ms. Hayes had been put on bed rest, she was in no jeopardy, and

there were no postpartum complications. Ms. Hayes delivered her child by cesarean section on January 11, 2006. She had the cesarean section because of the prior myomectomy. The prior surgery, not a new complication, caused the cesarean section.

As of February 21, 2006, Ms. Hayes was doing well except for an enlarged uterus and was told by her physician that she could return to work in three weeks. Dr. Crenshaw saw Ms. Hayes on February 21, 2006. She did not observe any physical problems and cleared her to return to work. According to Dr. Crenshaw, there were no complications during pregnancy or delivery.

Dr. Crenshaw also testified that although Ms. Hayes still has fibroid tumors, they would not preclude her from engaging in her work with the City of Delano.

When Ms. Hayes was pregnant, she had pain and was worried about having a miscarriage. She now intends to go back to work once she decides what to do about the tumors. Ms. Hayes thinks the tumors do prevent her from doing the work she trained for. She still thinks she is disabled because of the tumors.

<u>Applicable Law.</u>

<u>The Exemption Statute.</u>

Ms. Hayes claims an exemption under California Code of Civil Procedure § 704.730(a)(3). That section allows an increased homestead exemption ($150,000) to a person who is:

> "physically or mentally disabled and as a result of that disability is unable to engage in substantial gainful employment. There is a rebuttable presumption affecting the burden of proof that a person receiving disability insurance benefit payments under Title II or supplemental security income payments under Title XVI of the federal Social Security Act satisfies the requirements of this paragraph as to his or her inability to engage in substantial gainful employment."

1    First, the debtor must have a physical or mental disability.
2    Second, as a result of that disability, the debtor must be unable
3    to engage in substantial gainful employment.  See, In re Rostler,
4    169 B.R. 408, 411 (Bankr. C.D. Cal. 1994).
5        Bankruptcy Code § 522(b)(1)[2] provides individual debtors
6    with a choice between federal and state exemption systems unless
7    debtor's state prohibits debtors from electing federal
8    exemptions.  California does prohibit its citizens from claiming
9    exemptions under § 522(d).
10       Instead, California has established its own exemption
11   system.  In California, a debtor may elect a set of exemptions
12   designed especially for bankruptcy or may elect the general
13   California exemptions from enforcement of money judgment.  See,
14   California Code of Civil Procedure § 703.140(a).  In re Rostler,
15   supra, at 410-411.  When a debtor elects the exemptions at
16   § 704.730(a), the debtor must be eligible to claim that
17   exemption as of the date of the petition.  Id., at 411.
18       The Burden of Proof.
19       Federal Rule of Bankruptcy Procedure 4003(c) states that:
20       "In any hearing under this rule, the objecting party has the
         burden of proving that the exemptions are not properly
21       claimed."
22       Several reported decisions have addressed the meaning of
23   this rule.  The Ninth Circuit considered the question in In re
24   Carter, 182 F.3d 1027, 1029 (9th Cir. 1999).  The Ninth Circuit

---

[2]This case was filed before the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").  Therefore, all citations herein are to the pre-BAPCPA Code.

stated:

> "A claimed exemption is 'presumptively valid.' 9 Collier on Bankruptcy ¶ 4003.04 (15th ed. rev. 1998); In re Patterson, 128 B.R. 737, 740 (Bankr. W.D. Tex. 1991). Carter claimed $39,000 as an exemption under CCP § 704.070, and this claim is presumptively valid. Once an exemption has been claimed, it is the objecting party's burden (the trustee in this case) to prove that the exemption is not properly claimed. See Fed. R. Bankr. P. 4003(c). Initially this means that the objecting party has the burden of production and the burden of persuasion. The objecting party must produce evidence to rebut the presumptively valid exemption. In re Lester, 141 B.R. 157, 161 (S.D. Ohio 1991). If the objecting party can produce evidence to rebut the exemption, the burden of production then shifts to the debtor to come forward with unequivocal evidence to demonstrate that the exemption is proper. See In re Moneer, 188 B.R. 25, 28 (Bankr. N.D. Ill. 1995); Fed. R. Evid. 301. The burden of persuasion, however, always remains with the objecting party."

In re Carter, at 1029, fn. 3.

In 1994, a bankruptcy court from the Southern District of New York explained the debtor's burden in more detail. In re de Kleinman, 172 B.R. 764 (Bankr. S.D. N.Y. 1994).

> "Exempting property is not a game of hide and seek, . . . and the initial burden falls upon the debtor to particularize her exemptions in order to permit a trustee to ascertain, without any further substantial inquiry, those properties which a debtor believes to be exempt from distribution to creditors."

Id. at 770 (internal quotations, italics and citations omitted).

Most recently, a concurring opinion in an exemption decision by the Ninth Circuit Bankruptcy Appellate Panel has called into question the continuing validity of Rule 4003(c). In re Davis, 323 B.R. 732 (9th Cir. BAP 2005). Concurring in the majority opinion that the trustee had satisfied his burden of proof in his objection to the debtor's claim of exemption in retirement plans, Judge Klein opined that Rule 4003(c) likely holds a trustee to a higher burden of proof than necessary in certain circumstances.

> "At least with respect to state-law exemptions, the better view, after the Supreme Court's decision in Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 120 S.Ct. 1951, 147 L. Ed. 2d 13 (2000), may be that, if challenged, the debtor has the burden to establish entitlement to a claim of exemption under state law by the same standard that applies in the courts of that state. If so, then the objecting party does not properly bear the burden of proof."

In re Davis, supra, at 741.

According to Judge Klein, Rule 4003(c) is a procedural rule that attempts to accomplish a substantive task. After Raleigh, it is settled that a burden of proof in bankruptcy is a substantive matter. It generally is an essential element of a claim itself. Id. Therefore, state law exemptions in bankruptcy are probably subject to the burdens of proof that are prescribed by state law. Id. In California, the proponent of an exemption bears the burden of proof. Id.

This way of analyzing the burden of proof is particularly persuasive when considering § 704.730(3)(B). This is because that section itself describes that if a debtor is receiving benefits under the Social Security Act, she is entitled to a rebuttable presumption affecting the burden of proof that she is unable to engage in substantial gainful employment.

Assuming, however, that Rule 4003(c) is applicable, the trustee has the burden to prove that the debtor has not properly claimed her amended exemptions. Nonetheless, once challenged by the trustee's timely filed objection, the debtor has the burden to come forward with facts presenting a prima facie case that she is entitled under California law to the exemption that she has claimed. The ultimate burden of persuasion remains on the trustee.

Even without abrogating Rule 4003(c), there are good reasons for allocating to the debtor the burden to come forward with evidence establishing her prima facie entitlement to her amended claim of exemptions. The debtor has a unique access to the facts that she claims entitle her to the larger exemptions. Absent discovery, none of those facts are within the reach of the trustee. This is particularly true where, as here, the debtor did not disclose any of the facts that she claims entitle her to the larger exemption at the meeting of creditors or in the Schedules of Assets and Liabilities, even the amended Schedules of Assets and Liabilities.

The question then becomes whether the debtor has come forward with sufficient evidence to establish such a prima facie claim.

<u>Discussion.</u>

Are the requirements for claiming an increased homestead exemption because of disability present here? First, the debtor has established that she was pregnant on the date she filed her bankruptcy petition. As of that date, her doctor had recommended that she be on bed rest and cease working through her pregnancy. She was at that point eligible for disability payments from the State of California. Thus, her condition existed as of the date she filed her bankruptcy case. The question for decision is whether, as a result of that condition, Ms. Hayes was unable to engage in substantial gainful employment as a result of her pregnancy existing on the date of the bankruptcy petition, which

pregnancy was affected by her fibroids.[3]

Put another way, does inability to engage in substantial gainful employment imply that such inability is a continuing or permanent condition? The Trustee points out that the Social Security Act defines "disability," using language similar to that found at Cal. Code of Civil Procedure § 740.730 (a)(3)(B). Under Title II of the Social Security Act, § 223(d)(1) (42 U.S.C. § 423(d)(1)), disability means:

> "(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . ."

On the other hand, the California statute under which the debtor received disability payments is less stringent. The California Unemployment Insurance Code defines disability at § 2626(a). That section states:

> "(a) An individual shall be deemed disabled on any day in which, because of his or her physical or mental condition, he or she is unable to perform his or her regular or customary work.
>
> (b) For purposes of this section, "disability" or "disabled" includes:
>
> (1) illness or injury, whether physical or mental, including any illness or injury resulting from pregnancy, childbirth, or related medical condition."

Thus, under the California statute, disability is determined on a day by day basis. Disability includes illness or injury resulting from pregnancy related circumstances.

---

[3] Ms. Hayes is not entitled to the rebuttable presumption of § 704.730(3)(B) because she is not receiving disability insurance benefits or supplemental security income payments under federal law.

On the date she filed her bankruptcy case, Arie Lee Hayes was pregnant. She was eligible for and did receive California disability payments because due to her pre-existing fibroids, her doctor recommended bed rest during her pregnancy. In January 2006, Ms. Hayes delivered a healthy baby, and by February 21, 2006, her doctor stated that there was no reason she could not return to her normal job duties.

The Trustee has met her burden of proof that the debtor's amended claim of exemption should be disallowed. The Trustee originally objected because without explanation the debtor amended her claim of exemptions to assert a claim of disability. In the face of that objection, the debtor came forward with facts indicating that she had been pregnant since before she filed her petition and that she was receiving temporary disability benefits under California law. Her doctor testified that at least as of February 21, 2006, Ms. Hayes was able to engage in substantial gainful employment - that is, she was able to go back to her regular job duties as a correctional officer for the City of Delano.

The phrase "unable to engage in substantial gainful employment" is best interpreted as requiring a condition that exists for a significant period of time. The reference in § 704.730(a)(3)(B) to rebuttable presumption that a person receiving disability insurance benefit payments under the Social Security Act is unable to engage in substantial gainful employment does provide guidance to the court. The Social Security Act definition of "disability" requires a condition that lasts for a continuous period of not less than twelve months.

See, In re Rostler, supra, at 412.

Arie Lee Hayes was pregnant when she filed her bankruptcy case. Her doctor recommended bed rest, and Ms. Hayes applied for and had become entitled to temporary disability benefits under California law by the time she filed her bankruptcy petition on July 26, 2005. By January 11, 2006, Ms. Hayes had delivered a healthy baby, and by February 21, 2006, her doctor stated that she was able to return to work and had no physical problems that would prevent her from working. Under all these circumstances, the court is unable to conclude that Ms. Hayes is entitled to a $150,000 homestead exemption rather than the $50,00 homestead exemption to which she would otherwise be entitled.

For the foregoing reasons, the trustee's objection will be sustained. Counsel for the trustee may submit an appropriate form of order.

DATED: July 18, 2006

WHITNEY RIMEL, Judge
United States Bankruptcy Court

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA　　　)
　　　　　　　　　　　　　) ss.
COUNTY OF FRESNO　　　　 )

　　I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within above-entitled action; my business address is 2656 U.S. Courthouse, 1130 O Street, Fresno, California, 93721. On July 18, 2006, I served the within document on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California, addressed as follows:

T. Scott Belden, Esq.
KLEIN, DeNATALE, GOLDNER, COOPER,
　　ROSENLIEB & KIMBALL
4550 California Ave., Floor 2
P. O. Box 11172
Bakersfield, California 93389-1172

Frank P. Samples, Esq.
1331 L Street
Bakersfield, California 93301

　　I certify (or declare), under penalty of perjury, that the foregoing is true and correct. Executed on July 18, 2006, at Fresno, California.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Kathy Torres, CLS